IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT THROWER, on behalf of ) <br> CAROLINAS ELECTRICAL WORKERS ) <br> RETIREMENT FUND; NATIONAL ) <br> ELECTRICAL BENEFIT FUND; and ) <br> FAMILY MEDICAL CARE PLAN, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> GLOBAL TEAM ELECTRIC, LLC; ) <br> CALVIN GODWIN; and ) <br> DARMELLEON LEE, ) <br> ) <br> **Defendants.** ) | Case No. 3:20-00392 <br> Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

In this ERISA matter, Plaintiff Scott Thrower, in his capacity as a fiduciary, brought suit on behalf of the Carolinas Electrical Workers Retirement Fund, the National Electrical Benefit Fund, and the Family Medical Care Plan (collectively with Mr. Thrower, "Plaintiffs) against Global Team Electric, LLC ("GTE"), Calvin Godwin, and Darmelleon Lee (Defendants), alleging (among other things) that Defendants failed to make all of the required contributions to the Funds. Docket No. 6 (Amended Complaint). The Clerk of Court entered default against Mr. Lee on September 22, 2020. Docket No. 39. Plaintiffs have filed a "Motion for Default Judgment by Clerk Against Defendant Darmelleon Lee," which is pending. Docket No. 48.

This matter is now before the Court upon Mr. Lee's "Motion to Vacate Default Entry." Docket No. 53. Plaintiffs have filed a Response in Opposition. Docket No. 54. For the reasons

set forth below, the undersigned recommends that Mr. Lee's Motion (Docket No. 53) be GRANTED.

## I. BACKGROUND

This action was filed on May 6, 2020. Docket No. 1. Before any Defendant appeared, Plaintiffs filed an Amended Complaint on May 8, 2020. Docket No. 6. Plaintiffs contend that they effected personal service on Mr. Lee on July 23, 2020. Docket No. 54, p. 1; *see* Docket No. 33. Mr. Lee did not answer or otherwise respond to the Complaint. Plaintiffs moved for default against Mr. Lee, and the Clerk entered the default on September 22, 2020. Docket Nos. 35, 39. On July 1, 2021, Plaintiffs filed a Motion for Entry of Judgment against Mr. Lee, which is pending. Docket No. 48. On August 11, 2021, Mr. Lee filed the instant Motion, alleging that he was never served with process and only learned about this lawsuit "on July 23, 2001 [*sic*] when I made [a] random trip to the GTE post office box, which I have not visited in over a year." Docket No. 53, p. 4.

## II. LAW AND ANALYSIS

### A. Service of Process Under the Federal Rules

Rule 4 provides that "[a] summons must be served with a copy of the complaint" by one of several methods, including "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(c), (e). Unless service is waived, proof must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l). Failure to properly serve a defendant can result in dismissal:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

Fed. R. Civ. P. 4(m).

**B.  Motions to Set Aside Default**

Following a clerk's entry of default under Rule 55, a plaintiff may request default judgment and an award of damages.  Fed. R. Civ. P. 55(a), (b).  Rule 55 provides that the Court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The Court may also set aside a final default judgment under Rule 60(b).[1]  The standard for setting aside an entry of default is lower than the standard for setting aside a default judgment.  "When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard."  *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F. 2d 290, 292 (6th Cir. 1992).  "What constitutes good cause for setting aside an entry of default is within the discretion of the court."  *Seye v. Community Yellow Cab NK Mgmt, LLC,* No. 10-234-WOB-JGW, 2011 WL 3739142, *1 (E.D. Ky. Aug. 2, 2011), *citing* 10A Fed. Prac. & Proc. § 2696 (2011); *see also Krowtoh II LLC v. ExCelsius Int'l Ltd,* 330 F. App'x 530, 534 (6th Cir. 2009) ("This Court reviews a district court's decision to deny a motion to set aside an entry of default for an abuse of discretion").

In determining whether "good cause" to set aside an entry of default has been shown, the Court of Appeals for the Sixth Circuit has instructed courts to consider three equitable factors: (1) whether culpable conduct of the defendant led to the defendant's default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced.  *Waifersong*, 976 F.2d at 292; *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F 2d 839, 844-46 (6th Cir.

---

[1] Mr. Lee erroneously relies on Rule 60 for relief, despite the fact that a final judgment has yet to be entered.  *See* Docket No. 53.  Particularly in light of his status as a pro se litigant, the Court will construe the Motion as seeking relief under Rule 55(c).

3

1983) (setting forth the "good cause" standard in the Sixth Circuit and finding that the district court erred in reaching a determination of no good cause without considering all three factors).

In a multi-defendant litigation, the preferred practice is to postpone entry of the default judgment until the claims against all non-defaulted defendants are adjudicated on the merits. *See* Fed. R. Civ. P. 54(b) (allowing entry of default judgment against fewer than all parties "only if the court expressly determines there is no just reason for delay"); *Driver v. Fabish*, No. 3:13-cv-01087, 2017 WL 413719, at *2 (M.D. Tenn. Jan. 31, 2017), *accepted*, 2017 WL 998071 (M.D. Tenn. March 15, 2017), *citing Frow v. DeLa Vega*, 82 U.S. 552, 554 (1872); *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000); *Thorburn v. Fish*, No. 3:13-cv-1431, 2014 WL 6871535, at *2 (M.D. Tenn. Dec. 5, 2014), *quoting Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F. 2d 1279, 1282 (6th Cir. 1986) (noting that entry of default judgment when other claims remain pending is appropriate "only in the infrequent harsh case as an instrument for the improved administration of justice"). This "preferred practice" is based on the desire to avoid inconsistent decisions for jointly and severally liable defendants. *See, e.g., United States ex rel Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 943-45 (4th Cir. 1967) (finding that preventing inconsistent judgments for jointly and severally liable Defendants is a "just reason" for delaying the entry of a default judgment). In addition to inconsistent judgments, the desire to avoid piecemeal appeals further supports waiting for entry of default judgments against defaulted defendants. *See LeFever v. Ferguson*, 567 F. App'x 426, 432 (6th Cir. 2014).

## C. Mr. Lee's Motion to Set Aside Default

### 1. Service of Process

On August 4, 2020, Plaintiffs filed an Affidavit of Service indicating that Mr. Lee was personally served on July 23, 2020. Docket No. 33. On September 22, 2020, the Clerk entered

4

default against Mr. Lee for failure to answer Plaintiffs' Amended Complaint. Docket No. 39. On July 1, 2021, Plaintiffs filed a motion for entry of judgment against Mr. Lee for a specific sum certain. Docket No. 48. On August 11, 2021, Mr. Lee filed the instant Motion to Vacate Default Entry, arguing that he has not been served. Docket No. 53. Plaintiffs filed their Response in Opposition, supported by the Affidavit of Michelle Belleville, a paralegal at the law firm of Plaintiffs' counsel, who avers that she spoke via telephone with Mr. Lee repeatedly in the summer of 2020; that she advised him that he was a defendant in this lawsuit; and that he provided her with the following address as his place of residence: 11418 Gold Pan Road, Charlotte, NC. Docket Nos. 54, 55. Plaintiffs also filed the Affidavit of Kathy Brooms, the process server who attests that she personally served Mr. Lee at 11418 Gold Pan Road, Charlotte, NC. Docket No. 56. Plaintiffs contend that "[a]ny allegation by Lee that he only discovered the lawsuit against him at a later time is simply false." Docket No. 54, p. 2 (footnote omitted).

      Mr. Lee argues that he is not the person described in Ms. Brooms's Affidavit:

> The claim of a 3rd successful attempt states that service was received by "Darmelleon Lee. Age: 35[.]" However, my age on the date of the affidavit was 43 years of age (See Exhibit 4 attached). The listed weight in the affidavit is identified as 175 lbs. My weight has been consisten[t]ly 220 lbs for the past 3 years.

Docket No. 53, p. 3, *citing* Docket No. 53-4. Mr. Lee supports his assertions with a picture of his North Carolina driver's license, which lists his birthdate as August 7, 1997. Docket No. 53-4.

      Further, Mr. Lee contends that he no longer resided at the Gold Pan address at the time he was supposedly served there:

> The affidavit of service lists my address as 11418 Gold Pan Rd, Charlotte, NC 28215, when I was not living at that address. I have

5

> provided my executed lease agreement ending on 1/25/2020 to
> confirm that I was no longer living there (See Exhibit 3 attached).

Docket No. 53, p. 3, *referencing* Docket No. 53-3 (a document that appears to be a lease agreement between Main Street Renewal and Darmelleon Lee for a term lasting from October 26, 2018 to January 25, 2020).

Given the Parties' completely opposite assertions and conflicting evidence, the Court is not able to find with certainty that service has or has not been perfected upon Mr. Lee. Under the circumstances, it would be inappropriate to enter a default judgment without making a finding as to whether service did occur.

## 2. **Good Cause to Set Aside Default**

As noted above, a court may set aside an entry of default for good cause under Rule 55(c). Recognizing that default is a harsh consequence and that the courts have a strong preference for resolving cases on their merits, the court must address the equitable factors outlined by the Court of Appeals for the Sixth Circuit. *Waifersong*, 976 F.2d at 292. This is particularly the case when considering the imposition of a default judgment on a pro se litigant such as Mr. Lee. *See Dessault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011); *Fisher v. Gates*, No. 3:15-cv-127, 2017 U.S. Dist. LEXIS 54532, at *2 (M.D. Tenn. Apr. 10, 2017).

### a) **Whether Culpable Conduct of Mr. Lee Led to the Default**

The Court should consider whether a defendant's culpable conduct led to the default "in the general context of determining whether a petitioner is deserving of equitable relief." *Waifersong*, 976 F.2d at 292. A defendant's conduct must demonstrate "either an intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on those proceedings" to be treated as culpable. *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x

6

772, 777 (6th Cir. 2005) (internal quotation marks and citations omitted). Simple carelessness on behalf of a defendant is insufficient. *Id.*

As discussed above, Mr. Lee argues that the default should be set aside because he was never served. Docket No. 53. Plaintiffs contend that Mr. Lee was properly served in person at an address he himself provided to a paralegal working with Plaintiffs' counsel. Docket Nos. 54, 55. Under the circumstances, it is unclear whether Mr. Lee's intent was to thwart or disregard these proceedings. Plaintiffs argue that Mr. Lee was aware of the case and "made the knowing decision not to defend himself in this lawsuit, believing that filing bankruptcy would relieve him of his debt to the Plaintiff Funds." Docket No. 54, p. 2-3. While the Court cannot determine at this point whether Mr. Lee was properly served, as Plaintiffs contend, or learned about the lawsuit by visiting GTE's PO Box, he has filed a Motion to Vacate the Default prior to the default judgment being entered, indicating a willingness to participate in this litigation. Being inconclusive, this factor weighs neither for nor against vacating the default.

### b) Whether Mr. Lee Has a Meritorious Defense

To establish the existence of a "meritorious defense," a defendant does not have to demonstrate the likelihood of success, but simply must state a defense that is "good at law." *S. Elec.*, 146 F. App'x at 777 (citation omitted). The primary consideration of this inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (internal quotation marks and citation omitted).

Mr. Lee contends that he has the following meritorious defense:

> (See Doc 10 – Exhibit 1 – GTE Bank Statement) This document shows that I, defendant Darmelleon Lee authorized payment for the full amount to the plaintiff via GTE accounting/bookkeeper, but my former business partner defendant Calvin Godwin stopped the payment unilaterally & deposited the funds into his personal account.

7

Docket No. 53, p. 4, *citing* Docket No. 10-1.[2]

The document that Mr. Lee refers to was filed by Plaintiffs as an exhibit to Mr. Thrower's Declaration filed in support of Plaintiffs' Motion for a Temporary Restraining Order. Docket No. 10-1. It appears to be a screenshot of a Bank of America Statement for Global Team Electric. *Id.* Someone has circled in red a "TRANSFER TO ACCT #8847 ON 04/01 VIA WEB" of -106,387.58 dollars and written a note pointing to it that reads:

> Transfer to Calvin's personal bank acct ending in 8847. Note this transfer is the exact amount of the 3 payments to NECA. Emptying the company acct. He emptied the account before the stop payment & then emptied the stop payment amount.

*Id.*

Additionally, Mr. Lee contends that he has a defense to the claim that he underreported covered work hours:

> The hours and amounts have always been done by the company's 3rd party accounting/bookkeeping firm, Sevrina. I do not review nor approve them. Contrary to claims made in Doc 48, I have never drafted, nor submitted reports for the plaintiffs' funds. They are based specifically from the company's payroll, which was all reported by a 3rd party. These numbers have never been underreported nor overreported (See Exhibit 6 – declaration attached).

Docket No. 53, p. 3, *referencing* Docket No. 53-6 (Declaration of Rachel David, "principal at Sevrina Tax & Business Services, Inc.").

It appears that Mr. Lee has met the burden of establishing that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."

---

[2] Mr. Lee also asserts that Plaintiffs' "claims of fraud are false and are an intentional misrepresentation for personal gain to increase the actual amount owed by GTE . . . ." Docket No. 53, p. 2.

Namely, there is some possibility that the outcome of the suit after a full trial would be a finding that the sole responsibility for Plaintiffs' loss rests with Mr. Godwin, as Mr. Lee alleges. Or, there is some possibility that there would be a finding that Mr. Lee did not underreport hours or submit reports as alleged. This factor weighs in favor of setting aside default.

### c) <u>Whether Plaintiffs Will be Prejudiced</u>

Under the third factor, mere delay is insufficient to establish prejudice. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). In order to find prejudice, the setting aside of default "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *S. Elec.*, 146 F. App'x at 778, *quoting Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (internal quotation marks omitted). Default judgments are disfavored and there must be "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F.2d 1081 (6th Cir. 1988). Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d 844-46. "In general, [the Sixth Circuit's] cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

Plaintiffs argue that vacating the entry of default will "essentially require the parties to start over again more than a year later, which will serve to work an incredible injustice on Lee's former employees, who continue to suffer the loss of pension and health benefits as a result of Defendants' actions." Docket No. 54, p. 3. Plaintiffs' argument, which is basically that vacating the default will lead to delay in resolving the matter, is unavailing. Because Plaintiffs have not

9

identified any prejudice of the type described in the relevant case law such as the destruction or loss of evidence, increased difficulty in the discovery process or greater opportunity for fraud or collusion, this factor weighs in favor of setting aside the default. Apart from some delay in advancing the case, the Court finds no significant prejudice to Plaintiffs.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Mr. Lee's Motion (Docket No. 53) be GRANTED and the default against Mr. Lee (Docket No. 39) be set aside. Further, the undersigned recommends that Plaintiffs' Motion for Default Judgment by Clerk Against Defendant Darmelleon Lee (Docket No. 48) be DENIED AS MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**