**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SCOTT THROWER, on behalf of CAROLINAS ELECTRICAL WORKERS RETIREMENT FUND; NATIONAL ELECTRICAL BENEFIT FUND; and FAMILY MEDICAL CARE PLAN, | ) ) ) ) ) ) | NO. 3:20-cv-00392 |
| | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GLOBAL TEAM ELECTRIC, LLC, CALVIN GODWIN, and DARMELLEON LEE, | ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Before the Court is a Report and Recommendation ("R&R") (Doc. No. 57) recommending the Court (1) grant Defendant Darmelleon Lee's Motion to Vacate Default Entry (Doc. No. 53), (2) set aside the default against Mr. Lee (Doc. No. 39), and (3) deny as moot Plaintiffs' Motion for Default Judgment (Doc. No. 48). Plaintiffs filed an objection to the R&R (Doc. No. 58), which is now ripe for consideration. For the reasons outlined below, the Court will adopt the R&R.

This Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). To be proper, objections "must be specific." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). Indeed, objections must "state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." L.R. 72.02(a). And they "must be accompanied by sufficient documentation including, but not limited to, affidavits,

1

pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections." Id.

Plaintiffs have not properly objected to the R&R. Their objection is a single paragraph in which they state that they "vigorously dispute any finding of fact suggesting that Defendant Lee was not effectively served with process." (Doc. No. 58 at 1). This objection does not appear to conflict with any finding in the R&R, which specifically states that "the Court is not able to find with certainty that service has or has not been perfected upon Mr. Lee." (Doc. No. 57 at 6). Plaintiffs do not identify any alleged error in the R&R, nor do they cite any legal precedent. (Doc. No. 58 at 1). Because the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object," Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001), Plaintiffs have not offered a proper objection to the R&R.[1]

The "failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn, 2021 WL 1063075, at *1; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). This is because without proper objections to a report and recommendation, the "functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991). "This duplication

---

[1] To the extent Plaintiffs' objection attacks the R&R as a whole, it is still improper. "A general objection to the entirety of [a] magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509.

of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Id.

Nevertheless, the Court has thoroughly reviewed the R&R and agrees with its recommended disposition. The R&R contains a straightforward and detailed application of the standard for setting aside an entry of default. (See Doc. No. 57 at 3–4, 6–10). Accordingly, the Court orders as follows: (1) the R&R (Doc. No. 57) is **APPROVED AND ADOPTED**, (2) Mr. Lee's Motion to Vacate Default Entry (Doc. No. 53) is **GRANTED**, (3) the default against Mr. Lee (Doc. No. 39) is **SET ASIDE**, and (4) Plaintiffs' Motion for Default Judgment (Doc. No. 48) is **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE