IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT THROWER, on behalf of )<br>CAROLINAS ELECTRICAL WORKERS )<br>RETIREMENT FUND; NATIONAL )<br>ELECTRICAL BENEFIT FUND; and )<br>FAMILY MEDICAL CARE PLAN, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>GLOBAL TEAM ELECTRIC, LLC; )<br>CALVIN GODWIN; and DARMELLEON LEE, )<br>)<br>    Defendants. ) | Civil Action No. 3:20-cv-00392<br>Chief Judge Crenshaw / Frensley |

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION AND BACKGROUND

Plaintiffs filed this action pursuant to the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq*. ("ERISA"). Docket Nos. 1, 6.

Pending before the Court is Plaintiffs' Motion for Summary Judgment. Docket No. 62. In it, Plaintiffs argue that Defendants owe contributions to the various Plaintiff Funds as set forth in the two collective bargaining agreements relevant to the instant action.[1] *Id*. In support of their

---

[1] Plaintiff Scott Thrower, in his capacity as fiduciary acting on behalf of the Carolinas Electrical Workers Retirement Fund, the National Electrical Benefit Fund, and the Family Medical Care Plan ("Plaintiff Funds"), initially filed the Complaint in this action against both Defendants Lee and Godwin as officers and members of Global Team Electric, LLC ("GTE") and fiduciaries of the Funds. *See* Docket Nos. 1, 6. On May 27, 2020, Defendant Godwin filed his Declaration, indicating, *inter alia*, that he was a citizen and resident of the State of Florida, and indicating that, on April 17, 2020, he filed articles of dissolution for GTE with the Secretary of State because Defendant Lee had terminated GTE's work, misappropriated funds, and denied him access to GTE's records. Docket No. 22, Declaration of Calvin Godwin ("Godwin Dec."), ¶¶ 4, 10. Plaintiffs' claims against Defendant Godwin have been pending in the Bankruptcy Court of the Middle District of Florida pursuant to the suggestion of bankruptcy filed in this action. Campbell Dec., ¶ 2. Because that adversary proceeding in the Bankruptcy Court remains pending, the automatic stay applies to Defendant Godwin. *Id.*

Motion, Plaintiffs have filed a Memorandum of Law (Docket No. 63), a Statement of Undisputed Material Facts (Docket No. 64), the Declaration with Exhibit of Karla Campbell (Docket No. 65), the Declarations with Exhibits of Scott Thrower (Docket Nos. 10, 66), the Declaration of Joee Vierick (Docket No. 50), and the Declaration of Brian Killian (Docket No. 51).

For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact, and that Plaintiffs are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Plaintiffs' Motion for Summary Judgment (Docket No. 62) be **GRANTED**.

## II. SUMMARY OF THE ARGUMENT

Plaintiffs filed their Amended Complaint in this action on May 8, 2020, arguing that Defendants owe contributions to Plaintiff Funds as provided for in the two applicable collective bargaining agreements. Docket No. 6. Specifically, Plaintiffs contend that Defendants skirted their obligations to the Plaintiff Funds by failing to make contributions for dozens of its employees, year after year, and by making only partial payments for others, resulting in the denial of income to the Funds, on which the Funds rely to provide benefits to all participants, including Defendants' own employees. *Id.* Plaintiffs contend that, while failing to make the required contributions, Defendants made substantial payments to themselves instead of making payments to the Funds. *Id.* Plaintiffs aver that Defendants falsified reports to omit covered hours worked by Defendants' employees and paid themselves for work they did not actually perform. *Id.*

Plaintiffs further aver that, on or about March 31, 2020, Defendant Lee made an electronic payment of $106,387.58 on behalf of GTE from GTE's bank account to the Funds for delinquent amounts; however, on or about April 2, 2020, Defendant Godwin stopped the payment and instructed the bank to transfer those funds to his personal bank account. *Id.* Soon thereafter, on

2

Case 3:20-cv-00392    Document 73    Filed 01/10/23    Page 2 of 14 PageID #: 608

April 17, 2020, Defendant Godwin filed articles of dissolution for GTE with the North Carolina Secretary of State; thus, GTE is no longer an active business entity. *Id.* Plaintiffs assert that they have demanded payment on multiple occasions, but Defendants Lee and Godwin have refused to make payment. *Id.*

Plaintiffs aver that, "Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make reports and contributions in accordance with the terms and conditions of such plan or agreement." *Id.* Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs seek to enforce the terms of the Plan, remedy fiduciary breaches, and collect delinquent contributions pursuant to ERISA § 515, 29 U.S.C. § 1145. *Id.* Specifically, Plaintiffs seek entry of judgment against Defendant Lee in the amount of $193,112.70, as well as an Order permitting the Carolina Electrical Workers' Retirement Fund to offset Defendant Lee's accrued pension benefit against the amount owed that Fund. *Id.*

Plaintiffs contend in their motion that Defendants "skirted their obligations to the Funds by failing to make contributions for dozens of its employees, year after year, and by making only partial payments for others," such that the Funds have been denied income on which they rely to provide benefits to all participants, including Defendants' own employees. Docket No. 63. Plaintiffs argue that Defendant Lee acted in a fiduciary capacity and is therefore personally liable for his company's delinquency to the Plaintiff Funds. *Id.* Plaintiffs seek entry of judgment against Defendant Lee in the amount of $193,112.70, as well as an Order permitting the Carolina Electrical Workers' Retirement Fund to offset Defendant Lee's accrued pension benefit against the amount owed that Fund. *Id.*

Defendant Lee has filed, in one combined document, his Response, a "Memorandum and Declaration of Defendant Darmelleon Lee," and Exhibits. Docket No. 70. In his Response, Defendant Lee states:

> Plaintiff is not entitled to Summary Judgment because the undisputed facts of the case show that I acted in a fiduciary capacity to the maximum extent of my ability to make the payment in full that was owed by GTE to the Carolinas Electrical Workers Retirement Fund, the National Electrical Benefit Fund, and the Family Medical Care Plan ("Plaintiff Funds"). When I was in fiduciary capacity for the company, I authorized the payment due of $106,387.58 to be paid by GTE's bookkeeper (see exhibit M). This amount was broken up into 3 payments per the reported amounts due at the time to cover all back payments and bring the account current (see exhibit H). These payments were initiated to be paid via electronic transfer on March 27, 2020 and was confirmed by the bank's representatives. My former business partner (Calvin Godwin) then unilaterally issued a stop payment on those funds without my consent & took over the fiduciary role for the company by signing me off GTE's secretary of state article filings. Doing this allowed him to continue company operations without including me and open new bank accounts in the company's name that I had no access to. Business was then conducted on behalf of GTE to which I could not control.

*Id.*

Defendant Lee argues that because he initiated the payment and "payment was made in good faith to be sent to the Plaintiff," he is not liable for the debt since it was Defendant Godwin who stopped the transfer. *Id.* Defendant Lee further argues that this action taken by Defendant Godwin, as well as his actions that followed, were intervening, superseding, unforeseeable acts by another person that were out of his control, such that he does not owe the debt and Plaintiffs' Motion for Summary Judgment should be denied. *Id.*

In Response, Plaintiffs have filed a Reply (Docket No. 71), to which Defendant Lee has filed a Sur-Reply (Docket No. 72). In their Reply, Plaintiffs argue that Defendant Lee's admissions establish that an entry of summary judgment is appropriate on Plaintiffs' breach of fiduciary duty claims. Docket No. 71. Plaintiffs further argue that Defendant Lee's dispute with Defendant Godwin, his former business partner, does not exculpate him because the undisputed facts show

that Defendants Lee and Godwin jointly decided to use monies earmarked as employer contributions to pay other company debts. *Id.* Accordingly, Plaintiffs argue that both Defendants Lee and Godwin are jointly and severally liable to them. *Id.*

Plaintiffs contend that, even accepting Defendant Lee's argument that Defendant Godwin was the only breaching fiduciary, ERISA nevertheless makes Defendant Lee responsible for the breaches of his co-fiduciary. 29 U.S.C. §§ 1105(a)(2), (3). Plaintiffs argue that Defendant Lee "has never taken any action to prevent [Defendant] Godwin from pocketing the contributions in question or to remedy his partner's breaches. Instead, [Defendant] Lee and his business partner each filed for bankruptcy, attempting to leave their former employees – for whose benefit the Funds exist – holding the bag for their fiduciary breaches." *Id.*

In his Sur-Reply, Defendant Lee contends that he did not concede facts relevant to the breach of fiduciary duty claim. Docket No. 72. He states, rather, that he "discussed paying the 'Plaintiff funds' once we had received the incoming payments that were due to GTE." *Id.* Defendant Lee argues, "[t]he facts of the case show that as soon as those funds were received into GTE's bank account, payment was authorized by [him] to pay the plaintiffs in full and that payment was in fact issued to the plaintiffs." *Id.*

## II. UNDISPUTED FACTS[2]

Global Team Electric, LLC ("GTE") was operated 50/50 by Defendants Lee and Godwin. Lee Dec., Docket No. 70, p. 4. Until soon prior to GTE's dissolution, Defendants Lee and Godwin held scheduled meetings with each other weekly to collectively assess the business, communicate, and make decisions on the company's operations. *Id.* Defendants Lee and Godwin also held

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

5

monthly meetings with their accounting and bookkeeping firm, Sevrina, to collectively provide financial direction on how the company's expenses were paid. *Id.* Defendants Lee and Godwin also met with a separate CPA selected by Defendant Godwin annually for the company's year-end compilation report. *Id.*

GTE became a party to two collective bargaining agreements ("CBA") in 2017, which agreements required it to pay certain contributions to the Plaintiff Fund on behalf of covered employees per man hour worked. Thrower Dec., ¶¶ 2-4, Ex. A. Defendant Lee executed the CBA with Local 379 on behalf of GTE, of which he was an officer and member. Thrower Dec., Ex. A.

Defendants Lee and Godwin knew of all balances owed to the Plaintiff Funds for employee benefits and participated in the decisions on when these balances were paid. Lee Dec., Docket No. 70, p. 4. GTE fell behind on its payments to the Plaintiff Fund due to cash flow issues and the company had been due to receive payments for several projects that GTE was working on. *Id.* Defendants Lee and Godwin discussed GTE's cashflow often during that time and discussed paying the Plaintiff Funds once they had received the incoming payments that were due to GTE. *Id.* This was communicated to Sevrina, and Sevrina was directed to issue the payments on behalf of GTE to Plaintiff Funds once funds became available. *Id.* GTE received the expected payments and Sevrina executed the electronic transfer to Plaintiffs to cover the balance owed for the benefit Fund. *Id.* Defendant Godwin, however, stopped payment on those payments, emptied GTE's bank accounts, and removed Defendant Lee from the Secretary of State filings for the company so that Defendant Lee no longer had access to the company's bank accounts, payroll accounts, and other necessary business accounts. *Id.*, pp.4-5.

The Funds operate on a self-reporting payment system whereby participating employers identify those employees for whom contributions are owed, identify the covered hours worked by

the covered employees, and make monthly reports of those employees' hours ("Reports") and payments of contributions to the Fund based on the hours in those Reports. Docket No. 50, Vierick Dec., ¶ 3; Docket No. 51, Killian Dec., ¶ 3.

For the first two years of the two and one-half years of its operations, GTE was committed to making timely payments to the Fund. Lee Dec., Docket No. 70, P. 4. However, Defendants failed to make the required contributions to the Funds from November 2019 through March of 2020. Docket No. 50, Vierick Dec., ¶ 5; Docket No. 51, Killian Dec., ¶ 5.

During the course of this litigation, the Fund obtained payroll records from GTE. Docket No. 50, Vierick Dec., ¶ 6. These records indicated that GTE "substantially underreported" the hours worked by its covered employees all the way back to February 2019. *Id*. Those records also show that, during the same time period when GTE substantially underreported the hours worked by its covered employees, Defendant Lee reported a high number of hours for himself to the Fund. *Id*.

The governing Fund documents provide for the assessment of interest and liquidated damages on employer delinquencies. Docket No. 50, Vierick Dec., ¶ 7; Docket No. 51, Killian Dec., ¶ 6. GTE was administratively dissolved on April 17, 2020. Docket No. 6, ¶ 16.

### III. LAW AND ANALYSIS

#### A. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual assertions as follows:

**(c) Procedures.**

**(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

> a. citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> b. showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**B.     The Case at Bar**

Plaintiffs are pension and welfare benefit plans as those terms are defined by ERISA. 20 U. S. C. § 1002. Defendant GTE is an employer as that term is defined by ERISA. *Id.* Until shortly before its dissolution, GTE was operated 50/50 by Defendants Lee and Godwin. Lee Dec., Docket No. 70, P. 4. The relationship between the parties is defined by governing plan documents and two CBAs, to which GTE became a party in 2017. Docket No. 66, Thrower Dec., ¶¶ 2-4, Ex. A. The CBAs required GTE to pay certain contributions to the Plaintiff Fund on behalf of covered

8

employees per man hour worked, which contributions were then held for the benefit of those employees, providing them with pension benefit and health insurance benefits. *Id.* Defendant Lee executed the CBA with Local 379 on behalf of GTE, of which he was an officer and member. *Id*.

Section 515 of ERISA allows multiemployer plans to enforce the terms of the CBA obligations against signatory employers, stating:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement **shall**, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145 (emphasis added). *See also*, *Bakery & Confectionery Union & Indus. Int'l Health Benefits & Pension Funds v. New Bakery Co. of Ohio*, 133 F.3d 955, 959 (6th Cir. 1998).

It is undisputed that the two CBAs to which GTE was a signatory required it to pay certain contributions to the Plaintiff Fund on behalf of covered employees per man hour worked. Thrower Docket No. 66, Dec., ¶¶ 2-4, Ex. A. It is further undisputed that Defendants failed to make the required contributions to the Funds from November 2019 through March of 2020. Docket No. 50, Vierick Dec., ¶ 5; Docket No. 51, Killian Dec., ¶ 5. It is additionally undisputed that, during the course of this litigation, the Fund obtained payroll records from GTE which indicated that GTE "substantially underreported" the hours worked by its covered employees all the way back to February 2019. Docket No. 50 Vierick Dec., ¶ 6. Ultimately, it is undisputed that GTE was delinquent in its contributions to the Plaintiff Fund; and Section 515 allows Plaintiffs to enforce the terms of the CBA obligations against signatory employers. 29 U.S.C. § 1145.

ERISA provides that people who exercise "authority or control respecting management or disposition of assets" are fiduciaries of the plan. 29 U.S.C. § 1002(21)(A). Monies held in a signatory contractor's possession that are earmarked for contribution to a Taft-Hartley fund are

9

Case 3:20-cv-00392   Document 73   Filed 01/10/23   Page 9 of 14 PageID #: 615

plan assets, as pension and benefit fund contributions become plan assets as soon as they are due and owing. *See, e.g., S. Elec. Health Fund v. Kelley*, 308 F. Supp. 2d 847, 868 (M.D. Tenn. 2003); *Trustees of the Operating Engineers' Local 324 Pension v. Glencorp, Inc.*, 178 F. Supp. 3d 600, 607-08 (E.D. Mich. 2016); *Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp. 2d 746, 779 (W.D. Mich. 2008). Because pension and benefit fund contributions become plan assets as soon as they are due and owing, individual corporate officers with "authority or control respecting management or disposition of assets" are fiduciaries of the plan. 29 U.S.C. § 1002(21)(A).

Additionally, the governing documents in this case make all employer contributions assets of the Funds, even those that are due but unpaid. Docket No. 66, Thrower Dec., ¶ 4, Ex. A. In particular, Section 3.2 of the governing documents states:

> **Section 3.2 <u>Contributions as Trust Assets</u>**. Contributions made or required to be made pursuant to a Collective Bargaining Agreement, Participation Agreement, or other similar written agreement acceptable to the Trustees, or in accordance with such rate increases or minimum participation standards that may be adopted by the Trustees, shall be deemed part of the Trust estate and shall constitute Trust Assets whether or not they are collected.

*Id.*

With regard to whether Defendant Lee was a fiduciary of the plan, it is undisputed that: (1) until soon prior to GTE's dissolution, Defendants Lee and Godwin held scheduled meetings with each other weekly to collectively assess the business, communicate, and make decisions on the company's operations; (2) Defendants Lee and Godwin also held monthly meetings with their accounting and bookkeeping firm, Sevrina, to collectively provide financial direction on how the company's expenses were paid; (3) Defendants Lee and Godwin also met with a separate CPA selected by Defendant Godwin annually for the company's year-end compilation report; (4) Defendants Lee and Godwin knew of all balances owed to the Plaintiff Funds for employee

benefits and participated in the decisions on when these balances were paid; (5) GTE fell behind on its payments to the Plaintiff Fund due to cash flow issues and the company had been due to receive payments for several projects that GTE was working on; and (6) Defendants Lee and Godwin discussed GTE's cashflow often during that time and discussed paying the Plaintiff Funds once they had received the incoming payments that were due to GTE, and they communicated such to Sevrina, directing Sevrina to issue the payments on behalf of GTE to Plaintiff Funds once funds became available. Docket No. 70, Lee Dec., p. 4. Accordingly, Defendant Lee's own testimony establishes that he was an individual corporate officer with "authority or control respecting management or disposition of assets" and thus was a fiduciary of the plan. 29 U.S.C. § 1002(21)(A).

ERISA mandates that fiduciaries must always act in the best interest of the participants and beneficiaries of the plan, and mandates that plan assets "shall never inure to the benefit of any employer." 29 U.S.C. §§ 1003, 1104. ERISA imposes personal liability upon fiduciaries who breach these duties. 29 U.S.C. § 1009(a).

Although Defendant Lee argues that the actions taken by Defendant Godwin in stopping the transfer of funds to Plaintiff Funds and the actions that followed were intervening, superseding, unforeseeable acts by another person that were out of his control, such that they ended his role as a fiduciary and he does not owe the debt, he has pointed to no provision in ERISA that would so provide. In fact, the undisputed facts establish that Defendant Lee was a statutory employer pursuant to Section 515 and a fiduciary who breached his duties to Plaintiff Funds pursuant to Part 4 of ERISA, 29 U.S.C. § 1101 et seq. In, (1) deciding to use the money to navigate GTE's cashflow issues and defer making the required payments to the Plaintiff Funds until GTE had received payments for several projects it was working on; (2) GTE "substantially underreport[ing]" the

11

hours worked by its covered employees all the way back to February 2019; and (3) reporting a high number of hours for himself to the Fund during the same time frame as GTE "substantially underreported" the hours worked by its covered employees, Defendant Lee did not act in the best interest of the participants and beneficiaries of the plan, and instead benefited by the plan assets. Docket No. 70, Lee Dec., p. 4.; Docket No. 50, Vierick Dec., ¶ 6; 29 U.S.C. §§1003, 1104. Accordingly, Defendant Lee may be held personally liable for breaching his fiduciary duties. 29 U.S.C. § 1009(a).

The Plaintiff seeks entry of judgment against Defendant Lee in the amount of $193,112. 70, as well as an Order permitting the Carolina Electrical Workers' Retirement Fund to offset Defendant Lee's accrued pension benefit against the amount owed that fund. Docket No. 62. Plaintiffs assert that the total delinquency including statutory penalties and interest to the funds in question is $176,126.62. Docket No. 63, p. 10. Plaintiffs further seek attorneys' fees and costs in the total sum of $16,986.08. *Id.* at pp. 10-11. Plaintiffs' requests are supported by properly executed declarations. *Id.,* citing Docket Nos. 50, 51 and 52.

The Defendant does not challenge the damage calculations in this case. See Docket No. 70. Those calculations are based upon the monthly reports submitted by GTE accounting staff and additional data provided by Defendant Lee in April 2020. Docket No. 63, p. 9. Further, under 29 U. S. C. § 1132(g)(2), "the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan." *Foltice v. Guardsman Prod., Inc.*, 98 F. 3d 933, 936 (6th Cir. 1996). While the statute does not define "reasonable attorney fees," the Lodestar method provides suitable guidance. *Hensley v. Eckerhart*, 451 U. S. 424, 433 (1983). The Plaintiffs have filed a declaration of counsel and supporting documentation setting forth the Lodestar calculations. Docket No. 52.

"A district court is permitted to 'rely upon a party's submissions, awards in an analogous case,

12

state bar association guidelines and its own knowledge and experience in handling fee requests.'" *Waldo v. Consumers Energy Company,* 726 F. 3d 802, 821-822 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Property and Casualty Insurance Co.,* 436 F. App'x 496, 499 (6th Cir. 20110)). Considering the Defendant's failure to object or otherwise respond, the Court finds that Plaintiffs' fee request is reasonable.

ERISA provides that retirement plan benefits cannot be assigned or alienated. 29 U. S. C. §1056(d)(1). While that provision protects retirement benefits from most creditors, Congress provided an exception to that protection if the participant is "ordered or required to pay . . . under a civil judgment . . . entered by a court in an action brought in connection of a violation . . . of Part IV of [ERISA]." 29 U. S. C. § 1056(d)(4)(A)(ii). The violations alleged here are within in Part IV of ERISA. Therefore, Plaintiffs are entitled to an offset of the amount owed against Defendant Lee's accrued benefits under the Carolina Electrical Workers' Retirement Fund. 29 U. S. C. § 1056(d)(4)(A)(ii).

**CONCLUSION**

For the reasons discussed above, the undersigned finds that there are no genuine issues of material fact, and that Plaintiffs are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Plaintiffs' Motion for Summary Judgment (Docket No. 62) be **GRANTED**. Plaintiff should be awarded damages in the total amount of $193,112. 70. Plaintiffs are further permitted to offset Defendant Lee's accrued pension benefit with the Carolina Electrical Workers' Retirement Fund against the amount owed that fund.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

(14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge